■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELINO REYES, Appellant.—Judgment, Supreme Court, Bronx County (Emily Jane Goodman, J.), rendered June 7,

1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from four and one half to nine years, unanimously affirmed.

Defendant was convicted following a buy and bust operation, during which he sold an undercover police officer two white glassine envelopes containing heroin.

Defendant now contends that the court failed to exercise any discretion in its *Sandoval* ruling, which allowed the prosecution to inquire into a nearly identical prior conviction for attempted criminal sale of a controlled substance, as well as two unrelated misdemeanor convictions. To the contrary, the court exercised prudence in striking a balance between the probative value of defendant's prior convictions and the risk of unfair prejudice to him *(People v Sandoval,* 34 NY2d 371, 375). We note that the court precluded inquiry into the facts underlying the convictions, and that consequently the risk of prejudice was minimal. Further, it was not the purpose of *Sandoval* to preclude impeachment where defendant has " 'developed a specialized field of criminal endeavor.' " *(People v Aiken,* 162 AD2d 106, 107, *lv denied* 76 NY2d 851.)

Defendant also claims deprivation of due process by prosecutorial misconduct in eliciting evidence of unrelated, uncharged drug sales, testifying as an unsworn witness, and vouching for the credibility of the People's witnesses. No objection was made by the defense, nor was an objection raised to the court's curative instruction during its charge, and we decline to reach these contentions, which have not been preserved as a matter of law. (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642.) Were we to consider them, in the interest of justice, we would nonetheless affirm, finding them to be without merit. The general testimony of the undercover officer of uncharged crimes was admitted as background material to complete a coherent narrative of the entire incident *(People v Montanez,* 41 NY2d 53, 58; *People v Conyers,* 160 AD2d 318, 319, *lv denied* 76 NY2d 786). The remarks of the prosecutor in summation were both fair comment on the evidence adduced at trial, and responsive to the defense counsel's comments. Finally, any error must be considered harmless in the light of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230, 237). Concur—Carro, J. P., Wallach, Ross, Kassal and Rubin, JJ.