■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HINTON, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered January 3, 1990, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of marijuana in the fourth degree and sentenced him to concurrent terms of imprisonment of from 4½ to 9 years and 6 months, respectively, unanimously affirmed.

An undercover police officer approached defendant, who was positioned outside of a building from which narcotics were known to be sold. The defendant nodded when the officer

---

asked if "they were working" and apparently uttered a code phrase that signaled someone inside to open the door. The officer entered the building and purchased cocaine from individuals inside. Upon completing the transaction, the officer noticed that the defendant was still positioned outside the door. From this evidence, and the fact that the officer had gained access to the premises to purchase narcotics with the similar aid of a steerer/lookout on the previous visit, the jury could reasonably conclude that defendant was acting in concert to possess and sell narcotics (see, People v Barnes, 50 NY2d 375, 381).

Although unpreserved for review, we find that the trial court properly admitted as expert testimony the police officer's explanations of the "jargon" associated with the street drug trade. Such testimony served to clarify an issue that is beyond the professional or technical knowledge of the typical juror (see, People v Kincey, 168 AD2d 231). Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.