■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON MCFADDEN, Appellant. [628 NYS2d 646] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered February 2, 1993, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Viewing the evidence in this buy and bust case in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crime charged was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932). An independent review of the facts indicates that the jury accorded appropriate weight to the credible evidence (*People v Bleakley*, 69 NY2d 490). The jury's determinations of fact and credibility are supported by the record and will not be disturbed by this Court (*see, People v Siu Wah Tse*, 91 AD2d 350, 352).

The trial court did not abuse its discretion in ruling that, should defendant testify, the prosecutor would be permitted to

cross-examine him regarding only the fact that he had previously been convicted of a "drug-related felony" (*see, People v Reyes*, 171 AD2d 461, *lv denied* 77 NY2d 999). Although the prosecutor did not cross-examine defendant regarding his direct testimony that he had previously been convicted of a "drug-related felony", the prosecutor properly directed the jury's attention to that testimony in summation and noted that the court would give appropriate instructions regarding it (*People v Galloway*, 54 NY2d 396). Defendant entered no objection to the court's subsequent limiting instruction to the jury and, in any event, the court's explicit instructions, *inter alia*, that the testimony regarding defendant's previous conviction was admitted solely to assist the jurors in making credibility determinations and not as any proof whatsoever that defendant committed the crime charged, conveyed the appropriate legal principles (*see, People v Hurk*, 165 AD2d 687, *lv denied* 76 NY2d 1021).

We perceive no abuse of discretion in sentencing. Concur— Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.