■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHBY BENNETT, Appellant. [631 NYS2d 834] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered October 25, 1993, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 4 to 8 years and 1¹/₂ to 3 years, respectively, unanimously affirmed.

Defendant's guilt was proven by legally sufficient evidence that he and three others formed a human wall that blocked the victim's path as the victim attempted to pursue someone who had picked his pocket, allowing the robber to get away. The requirement that a robbery involve the use, or the threat of immediate use, of physical force (Penal Law § 160.00) does not mean that a weapon must be used or displayed or that the victim must be physically injured or touched (*People v Zagorski*, 135 AD2d 594, 595).

Nor is there merit to defendant's other claim that the court did not conduct a sufficiently probing and tactful inquiry of four jurors. Those jurors responded to questions put by the court to the panel as a whole and indicated that their

impartiality would not be affected by having been exposed to newsreports portraying one of the People's witnesses as a "good cop" in connection with the police officer's testimony before a commission investigating police corruption. Under the circumstances, a more extensive, individualized, in camera inquiry of each of the four jurors was not necessary. There was no juror misconduct and the publicity in question had nothing to do with defendant or the trial. The topic of the publicity was impersonal to the jurors, and the exposure occurred after both sides had rested in a trial in which defendant had challenged only the accuracy, not the truthfulness, of the officer's testimony (*see, People v Chapman*, 202 AD2d 297, 298, *lv denied* 83 NY2d 965). Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.