THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS READ, Appellant. [644 NYS2d 201]

Defendant's guilt was proven by legally sufficient evidence that he and his accomplices approached the victim and positioned themselves in front and to the side of him, essentially forming a "human wall", that one of defendant's accomplices then physically blocked the victim from walking past the group by placing her hand on the victim's stomach,

and that defendant then removed the victim's chain from around his neck and took the victim's wallet and watch. Clearly, defendant and his accomplices at the least threatened the use of force by the manner in which they surrounded defendant and prevented his movement (*People v Bennett*, 219 AD2d 570, *lv denied* 87 NY2d 844). Defendant's use of force was also shown by the evidence that he pushed the victim while the victim repeatedly pleaded for the return of his possessions.

Defendant's claim that the arresting officer's testimony regarding the victim's description of him constituted impermissible bolstering is unpreserved, defendant having registered only a general objection when the prosecutor sought to elicit this testimony (*People v West*, 56 NY2d 662). In any event, the claim is without merit because it served " 'to demonstrate that the particular conditions at least allowed the witness to make observations, whether accurate or not', and to provide the jury with an opportunity to compare defendant with the description provided shortly after the crime" (*People v Perkins*, 213 AD2d 358, 359, *lv denied* 86 NY2d 783, quoting *People v Huertas*, 75 NY2d 487, 492; *People v Poliakov*, 167 AD2d 115, *lv denied* 77 NY2d 965). The fact that the victim's description of defendant was elicited from the officer and not from the victim does not affect its admissibility because the purpose of description testimony is to afford a basis for assessing the credibility of an identification through a "comparison of the prior description and the features of the person later identified" (*People v Huertas*, *supra*, at 492). Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.