■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCIAL LAMBOY, Appellant. [644 NYS2d 715]

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. In response to the undercover officer's request for "Q45" brand of heroin, defendant stated "No, Undercover", clearly promoting the sale of a different brand of heroin. After the officer told him "one", defendant asked the officer to wait and disappeared into a bodega. Defendant reappeared soon after with the codefendant, who conducted the actual exchange of the "Undercover" brand of heroin for prerecorded buy money, as defendant stood close by. Under the totality of the circumstances, defendant's conduct

was plainly designed to effectuate the drug sale as a steerer or lookout (*People v Fonseca*, 208 AD2d 399). Defendant's accessorial liability is not negated by the fact that he never handled the prerecorded buy money or drugs (*People v Davis*, 202 AD2d 325, *lv denied* 83 NY2d 910).

The undercover officer's testimony as to how drug dealers worked within groups so that the police would not recover the supply of drugs or buy money was relevant and properly admitted into evidence, given defense counsel's focus at trial on the absence of either drugs or prerecorded money on defendant at the time of his arrest (*People v Tevaha*, 204 AD2d 92, *affd* 84 NY2d 879). The testimony provided the jury with useful background and did not prejudicially focus the jury's attention on the narcotics trade in general (*see, supra*). Nor was it error to have permitted the undercover officer to testify both as a witness to the instant sale and as an expert in street level drug sales (*supra; see also, People v Velasquez*, 216 AD2d 42, *lv denied* 86 NY2d 804).

The prosecutor's elicitation of evidence of a second, uncharged sale on the direct testimony of the undercover officer was proper in order to complete the narrative and to explain why the undercover officer stated "who wants two", when the undercover requested only one glassine (*see, People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). We note further that such evidence "carried relatively little suggestion of general criminal propensity", in light of the fact that defendant was charged with one drug sale and the uncharged sale was contemporaneous with the charged sale (*supra,* at 202). Defendant's remaining contentions are unpreserved, and, in any event, without merit. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Nardelli, JJ.