■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE HARRISON, Appellant. [657 NYS2d 325] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered February 25, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, and order, same court (Herbert Adlerberg, J.), entered on or about November 17, 1995, denying defendant's renewed motion to vacate the same judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence that defendant acted as a steerer in a well-choreographed street drug operation, thus supporting his conviction for possession of additional drugs recovered from an accomplice (*see, People v Hinton*, 178 AD2d 279, *lv denied* 79 NY2d 948), and the weight of the evidence was not undermined by defendant's acquittal on the sale count (*People v Rivera*, 201 AD2d 377, *lv denied* 83 NY2d 875).

We perceive no impairment of the integrity of the Grand Jury proceedings. Defendant has not met the heavy burden of establishing that the instructions to the Grand Jury were so deficient as to require dismissal (*see, People v Darby*, 75 NY2d 449, 454-455).

The *Sandoval* ruling was an appropriate exercise of discretion by the trial court, which properly instructed the jury in connection therewith (*see, People McFadden*, 216 AD2d 146, *lv denied* 87 NY2d 848).

Defendant's renewed CPL 440.10 motion was properly denied since the claims of error set forth therein are not supported by the record. We note that defendant's right to be present was not violated because the court officer's contact with members of the jury during a court recess was purely ministerial and unrelated to any substantive legal or factual issue at trial (*People v Bonaparte*, 78 NY2d 26, 30-31).

The trial record, taken together with the post-conviction submissions, indicates that defendant was provided with effective assistance of counsel (*People v Baldi*, 54 NY2d 137).

We have reviewed defendant's additional claims of error and find them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin and Tom, JJ.