■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD WATSON, Appellant. [666 NYS2d 131] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered May 31, 1994, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 4 to 8 years, unanimously affirmed.

Given defendant's failure to raise below the specific grounds he now raises on appeal with respect to his claim that the People failed to adduce sufficient evidence of force, or the threatened use of force, to sustain his conviction for second degree robbery, defendant's arguments have not been preserved for appellate review (*People v Gray*, 86 NY2d 10), and we decline to review them in the interest of justice. Were we to consider them, we would find that the testimony at trial amply demonstrated the element of force when defendant and an-

other man approached the 15-year-old complainant and stood directly on either side of him, and defendant's accomplice "snatched" the victim's walkman and handed it to defendant before they walked away (*see, People v Bennett*, 219 AD2d 570, *lv denied* 87 NY2d 844). Defendant's use of force in retaining the property was also shown by evidence that he shoved the victim while he followed the men and repeatedly pleaded for the return of his property (*see, People v Read*, 228 AD2d 304, *lv denied* 88 NY2d 1071), and by defendant's display of a gun while fleeing, in order to prevent further pursuit by the victim, notwithstanding defendant's acquittal of robbery in the first degree (*see, People v Harrison*, 238 AD2d 271, *lv denied* 90 NY2d 894).

Defendant's assertion that the court erred in refusing to give a missing witness charge with respect to the victim's friend is unpreserved and unreviewable since defendant failed to make a record supporting this claim, which was made in an unrecorded bench conference, and failed to object to the absence of such a charge after the court instructed the jury. The existing record does not show that the alleged witness was knowledgeable about a material issue in the case and could provide non-cumulative testimony (*People v Macana*, 84 NY2d 173, 177). Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.