■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY EDWARDS, Also Known as BRIAN BROOKS, Appellant. [697 NYS2d 256] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered September 11, 1995, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a discretionary persistent felony offender, to a term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in excluding defendant from the courtroom at various times. The record establishes that defendant, after repeatedly being warned by the court that he would be removed if he continued to engage in disorderly and disruptive conduct, continued to engage in

such conduct (*see*, CPL 260.20), which included interruptions of the proceedings and disregard of the court's directions to be silent. Furthermore, defendant persistently refused to give assurances that such behavior would stop. We note that the court repeatedly offered to have defendant returned and that, when defendant finally ceased his disruptive behavior, he was permitted to remain in court for the duration of the trial. We have considered and rejected defendant's remaining arguments on this issue.

Defendant's claim of insufficient pretrial consultation with counsel is not established by the record, and the other challenged conduct by counsel involves matters of strategy. We conclude that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Counsel was under no obligation to make a meritless suppression motion, and counsel's strategy of conceding some aspects of the People's case while attacking others was appropriate given the evidence. "Counsel may not be expected to create a defense when it does not exist" (*People v DeFreitas*, 213 AD2d 96, 101, *lv denied* 86 NY2d 872).

We perceive no abuse of sentencing discretion. Concur—Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.