■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SINGLETON, Appellant. [705 NYS2d 344] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered July 22, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's claim that the prosecutor improperly accused defendant of tailoring his testimony after hearing the People's evidence is a claim requiring preservation (see, *People v Mitchell*, 266 AD2d 75), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would conclude that the prosecutor's comments were in direct response to defendant's argument that he refrained from such tailoring despite having had the opportunity to do so. Thus, there was no danger that the prosecutor's response penalized defendant for exercising his right to testify (see, *People v Sims*, 232 AD2d 237, *lv denied* 89 NY2d 929).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's brief rhetorical reference in summation to the fact that defendant did not call the friend he was allegedly waiting for at the bus stop when he was arrested. The court sustained defendant's objection and any possible prejudice that might have come from the prosecutor's comment was prevented by the court's instructions, which the jury is presumed to have followed (see, *People v Davis*, 58 NY2d 1102, 1104).

The court properly exercised its discretion in receiving expert testimony concerning street-level drug operations. Defendant's sole objection to this testimony was that the same officer should not be permitted to testify as both a fact witness and expert witness. However, we find no legal impediment to testimony given in such a dual capacity (see, *People v Lamboy*, 228 AD2d 366, *lv denied* 88 NY2d 988; see also, *Hirschfeld v IC Sec.*, 132 AD2d 332, 337-338, *lv dismissed* 72 NY2d 841), and we reject defendant's suggestion that a higher standard of relevance applies in such a situation. Defendant's argument that the of-

ficer's expert testimony was unnecessary and prejudicial has not been preserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would reject it because this brief and limited testimony was relevant to contested issues in the case (*see, People v Kelsey*, 194 AD2d 248). Concur—Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.