■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON DEL CAMPO, Appellant. [722 NYS2d 148] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered February 10, 1999, convicting defendant, after a jury trial, of two counts of sexual abuse in the first degree, and sentencing him to concurrent terms of 2½ years, unanimously affirmed.

The trial court properly refused to charge sexual abuse in the third degree as a lesser included offense since no reason-

able view of the evidence supported a finding that defendant subjected the complainant to sexual contact, but did so without physical force (*see*, *People v Negron*, 91 NY2d 788). The clear, consistent and integrated testimony of the complainant was that defendant grabbed her chest from behind, lifted her off her feet, and rubbed his genitals against her buttocks while his hands were on her breasts. The act of lifting the complainant off the ground, thereby limiting her freedom of movement was plainly forcible.

Defendant's ineffective assistance of counsel claim primarily involves questions of trial strategy and matters dehors the record regarding communications between defendant and counsel. To the extent the existing record permits review, it establishes that defendant received meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 712-713). "Counsel may not be expected to create a defense when it does not exist." (*People v DeFreitas*, 213 AD2d 96, 101, *lv denied* 86 NY2d 872.) Concur— Rosenberger, J. P., Williams, Mazzarelli, Andrias and Rubin, JJ.