■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN MARSHALL, Appellant. [737 NYS2d 61] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered December 17, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility, including the weight to be given to the minor inconsistencies in police testimony, were properly considered by the trier of facts and there is no basis upon which to disturb its determinations.

The court properly admitted a codefendant's statement "wait right here. He is upstairs taking care of someone." This was not necessarily evidence of an uncharged crime committed by defendant since defendant was not specifically identified and there was another male participant in the transaction to whom this statement could have referred. Even if viewed as uncharged crimes evidence, the statement provided necessary background information and completed the narrative of the transaction by explaining why the undercover officer stood waiting on the landing instead of going upstairs to meet the seller (*see, People v Lamboy,* 228 AD2d 366, 367, *lv denied* 88 NY2d 988). The officer's testimony that he took this statement to mean that the unidentified "he" was "selling narcotics to someone" also served to explain why the officer chose to wait upon hearing the statement. The probative value of this evidence outweighed any prejudicial effect. We note that the court repeatedly instructed the jury as to the limited purpose of the admission of this testimony.

Defendant's contentions concerning the People's summation, the stipulation, and the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.