■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BENITEZ, Also Known as ELVIS BENITEZ, Also Known as DANIEL PEREZ, Appellant. [737 NYS2d 68] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered December 16, 1998, convicting defendant, after a jury

trial, of criminal possession of stolen property in the fourth degree, aggravated unlicensed operation of a motor vehicle in the first degree, possession of burglar's tools and bail jumping in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years on the possession of stolen property and bail jumping convictions, to run concurrently with concurrent terms of $1\frac{1}{3}$ to 4 years on the operation of a motor vehicle conviction and one year on the possession of burglar's tools conviction, and judgment, same court (Leona Leo, J.), rendered December 16, 1998, convicting defendant, upon his plea of guilty, of grand larceny in the third degree and bail jumping in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $2\frac{1}{2}$ to 5 years on the grand larceny conviction and 2 to 4 years on the bail jumping conviction, with the sentence on the grand larceny conviction to run consecutively to the sentence imposed upon defendant's conviction after trial, unanimously affirmed.

With respect to both the conviction after trial and the guilty plea, defendant's ineffective assistance claims involve matters dehors the record including trial strategy and communications between defendant and counsel. To the extent the existing record permits review, we conclude that counsel provided meaningful representation as to both cases.

Viewing the record of the trial and the relevant pretrial proceedings as a whole, we conclude that there was nothing in counsel's performance that deprived defendant of a fair trial (*see, People v Benevento*, 91 NY2d 708, 713-714), given the extreme difficulty of mounting any kind of a defense to these charges, all of which were established by overwhelming evidence, including offenses that were established by documentary proof. Counsel's strategy of conceding certain virtually incontestable aspects of the People's case was appropriate given the evidence (*see, People v Edwards*, 265 AD2d 220, *lv denied* 94 NY2d 945).

Defendant also received meaningful representation with respect to his guilty plea (*see, People v Ford*, 86 NY2d 397, 404), and his motion to withdraw his plea, made on the ground that he misunderstood or was misinformed as to the sentence promise, was properly denied without the appointment of new counsel. The plea minutes establish that defendant was advised by the court, and acknowledged understanding, that a portion of his sentence on the plea would run consecutively to the sentence imposed after trial. In addition to having the assistance of his attorney and an interpreter, defendant repeatedly acknowledged his ability to speak and understand English

and his comprehension of the terms of the agreement. Therefore, the record establishes that his plea was knowingly, intelligently and voluntarily made. Under these circumstances, counsel's statement, in response to an inquiry from the court, that the sentence promise had been set forth clearly at the time of the plea, was not "adversarial" toward defendant (*see, Cuyler v Sullivan*, 446 US 335, 348-350), since counsel was simply reiterating what was already a matter of record, which was the court's own recollection as well.

We have considered and rejected defendant's remaining claims. Concur—Williams, J.P., Mazzarelli, Rosenberger, Wallach and Lerner, JJ.