■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO BURGOS, Appellant. [748 NYS2d 49] —Judgments, Supreme Court, New York County (Charles Solomon, J.), rendered June 2, 1999, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and bail jumping in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 6½ to 13 years, unanimously affirmed.

Defendant was not entitled to the assignment of new counsel in connection with his pro se motion to withdraw his guilty pleas. While defense counsel's brief, volunteered statement was adverse to his client's position, it merely pointed out matters already in the record and could not have influenced the court's decision to deny defendant's application (*see People v Benitez*, 290 AD2d 363, *lv denied* 98 NY2d 673). It is clear that the court denied this patently meritless application solely on the basis of its own recollection of the record. This was not a situation where the court deemed it necessary to elicit facts outside the record from defense counsel in order to decide the plea withdrawal motion (*compare People v Rozzell*, 20 NY2d 712). Accordingly, there was no conflict of interest requiring substitution of counsel (*see Cuyler v Sullivan*, 446 US 335, 348-350). Concur—Tom, J.P., Andrias, Saxe, Buckley and Lerner, JJ.