■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BABU AHMED, Appellant. [755 NYS2d 864] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered September 12, 2000, convicting him of robbery in the first degree, burglary in the first degree, robbery in the second degree, assault in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the pros-

ecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant received the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Myers,* 220 AD2d 461 [1995]). Defense counsel was not "obligated to present defenses or to make assertions that in the case before us would have been baseless, spurious, or unethical" (*People v DeFreitas,* 213 AD2d 96, 97 [1995]; *see People v Del Campo,* 281 AD2d 279 [2001]; *People v Edwards,* 265 AD2d 220 [1999]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Feuerstein, McGinity and H. Miller, JJ., concur.