(February 22, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO HANSEN, Appellant. [830 NYS2d 536]—

Judgment, Supreme Court, New York County (Renee A. White, J., on motion, at jury trial and sentence), rendered January 20, 2004, as amended March 8, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

Upon defendant's appeal from his conviction, this Court remanded the matter to the Supreme Court for further proceedings on defendant's motion to vacate the judgment and held the appeal in abeyance pending a disposition of that motion (29 AD3d 490 [2006]). After receiving further submissions by the parties, by order dated October 20, 2006, the court denied defendant's motion to vacate the judgment, a determination he does not now challenge. The remaining issues on appeal are whether the court properly denied defendant's request to substitute counsel after jury selection had commenced and whether the court improperly admitted expert testimony regarding drug trafficking.

Absent "exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (*People v Ar-*

*royave*, 49 NY2d 264, 271 [1980]). Where, as here, "a request for new counsel is made during the course of jury selection, denial is appropriate unless compelling circumstances are demonstrated" (*People v McElveen*, 234 AD2d 228, 230 [1996], *lv denied* 89 NY2d 1097 [1997]). Contrary to defendant's contention, the record reflects that the court provided defendant an adequate opportunity to state his reasons for substitution. *People v Bryan* (31 AD3d 295 [2006]) is not to the contrary. There, the court did not conduct any inquiry and did not give defendant an opportunity to state his reasons for substitution before the court denied his request. In addition, defendant's conclusory complaint regarding counsel's performance was insufficient to warrant substitution (*see People v Monegro*, 279 AD2d 278 [2001], *lv denied* 96 NY2d 803 [2001]). Accordingly, the court did not abuse its discretion in denying defendant's last-minute request.

Defendant further argues that it was error to allow a police detective to testify as an expert in narcotics trafficking because his testimony served no legitimate purpose, the detective had testified as a fact witness, and the court gave no limiting instruction regarding his testimony. Defendant lodged no objection to the expert testimony on the latter two grounds and, therefore, failed to preserve these two issues for appellate review (CPL 470.05). In any event, defendant's objection to the admission of this testimony on all three grounds is without merit.

The detective first testified as a fact witness and told the jury that after the police detained defendant, another officer gave him a spare tire and a bag of cocaine to voucher and that defendant gave his name and where he was from. The detective was then qualified as an expert in narcotics trafficking in order to establish the intent-to-sell element of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Where a defendant's intent is a contested issue, expert testimony about street value and packaging is relevant and admissible (*see People v Andrade*, 6 AD3d 257 [2004], *lv denied* 3 NY3d 670 [2004]). Furthermore, there is "no legal impediment" to a police officer testifying in a dual capacity under these circumstances (*see People v Singleton*, 270 AD2d 190, 190 [2000], *lv denied* 95 NY2d 858 [2000]; *see also People v Johnson*, 278 AD2d 68, 69 [2000]). Finally, even though defendant did not request any limiting instruction, the fact that none was given could not have prejudiced defendant as he was acquitted of the intent-to-sell charge. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Malone, JJ.