*878 Order, Supreme Court, New York County (Renee A. White, J.), entered on or about February 17, 2009, which, upon an inspection of grand jury minutes, granted defendant’s motion to dismiss an indictment charging sexual abuse in the first degree, affirmed.
Defendant was charged with sexual abuse in the first and third degrees under a prior indictment. By the first-degree sexual abuse count it was alleged that on March 22, 2002 defendant subjected another to sexual contact by forcible compulsion.[1] Upon defendant’s motion and after inspecting the grand jury minutes, the court reduced the first-degree sexual abuse charge to another charge of third-degree sexual abuse. The court based its determination upon a finding that the evidence was insufficient to establish the element of forcible compulsion. The case based on the March 22, 2002 incident was resubmitted to a new grand jury and defendant was again charged with first-degree sexual abuse by way of the instant one-count indictment. This appeal stems from the court’s dismissal of the indictment on the same ground, i.e., insufficient evidence of forcible compulsion.[2]
It is alleged that defendant rubbed his penis against the then-14-year-old complainant’s lower back while standing behind her on a crowded subway car. The complainant testified that she felt “weird movements” which stopped each of the three times she turned around. She “kind of figured it was just because the train was moving really fast and it was really crowded.” When asked if she tried to get away from defendant, the complainant further testified that she couldn’t because the train was crowded and seats were to her immediate right. The complainant also gave the following testimony: “I felt the movement. I didn’t know actually what was going on until I was ready to leave the train, and I pulled my sleeve down and I wiped myself and I noticed that there was semen on my jeans and on my coat.”
The standard on a motion to dismiss an indictment on the ground that the evidence before the grand jury was not legally sufficient to establish the offense charged is whether there was “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s com *879 mission thereof’ (People v Warner-Lambert Co., 51 NY2d 295, 298-299 [1980], cert denied 450 US 1031 [1981]; CPL 70.10 [1]). Forcible compulsion, as an element of a sex offense, means “(a) use of physical force; or (b) a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped” (Penal Law § 130.00 [8]). The People posit that defendant used “physical force and threat of force” to commit the act of sexual abuse. We thus assume that the People have invoked both statutory theories.
While the conduct described in the grand jury presentation was reprehensible, the evidence was legally insufficient to establish the use of physical force. Instead, it established the use of stealth to commit the crime. We base this conclusion upon the complainant’s testimony that defendant stopped making the movements each time she turned around as well as her testimony that she did not know what had occurred until she discovered the semen on her clothing. Citing People v Del Campo (281 AD2d 279 [2001], lv denied 97 NY2d 640 [2001]), the People argue that defendant used physical force by pinning the complainant in the crowded subway car so that she could not move. Del Campo is plainly distinguishable because the defendant in that case forcibly limited his victim’s freedom of movement by lifting her off the ground (id.). That is a far cry from the furtive behavior described by the complainant in this case. We, therefore, reject the People’s theory that legally sufficient evidence of physical force was presented to the grand jury.
Equally unavailing is the theory that defendant used his superior size and age to intimidate the complainant. Although the complainant testified in conclusory fashion that she felt threatened, the grand jury was not presented with detailed facts to support the claim (cf. People v Mirabal, 278 AD2d 526, 527 [2000]). More to the point, the grand jury heard no evidence from which it could have been inferred that the complainant was placed in fear of immediate death, physical injury or kidnapping as required by Penal Law § 130.00 (8). Concur—Renwick, DeGrasse and Manzanet-Daniels, JJ.
Andrias, J.P, and Catterson, J., dissent in a memorandum by Catterson, J., as follows: In my opinion, the evidence in this case may not be sufficient to convict the defendant after trial. However, the evidence presented to the grand jury was nonetheless legally sufficient to establish the element of forcible compulsion, and hence the court erred in reducing the charge of first-degree sexual abuse. Therefore, I respectfully dissent. The Court *880 of Appeals has held that, when reviewing the dismissal of an indictment, the standard of “legally sufficient means prima facie, not proof beyond a reasonable doubt.” (See People v Mayo, 36 NY2d 1002, 1004 [1975].) The Court has also held that, an indictment cannot be dismissed merely because there may not be sufficient evidence to establish the defendant’s guilt at trial. In People v Jennings (69 NY2d 103, 114 [1986]), the Court held that in granting dismissal of the indictments, the reviewing Justice had erroneously applied a higher standard than required to determine whether the People’s evidence was sufficient.
In this case, two grand juries on two separate occasions handed up indictments on the count of first-degree sexual abuse after hearing, inter alia, testimony that the defendant purposely chose subways at rush hour when he was able to “rub up against women . . . while [the train] was crowded.”
According to the testimony elicited in the second grand jury presentation, the 14-year-old victim was on a crowded subway train when she felt defendant making strange movements behind her and touching her lower back. Each time she turned around to look at defendant, he would temporarily stop moving. She tried to move away from defendant, but was unable to do so because seats and other passengers were in her way. After the incident was over, she found semen (subsequently linked to defendant) on her clothing. The defendant, 29 years old at the time of the incident, was five feet, nine inches tall, and weighed at least 300 pounds—approximately twice the victim’s weight and seven inches taller than she.
In a prior order, not at issue on appeal, the court reduced the charge of first-degree sexual abuse to third-degree sexual abuse. The People re-presented the case to the grand jury and obtained a new indictment for first-degree sexual abuse. The court dismissed the indictment on the ground that the evidence was insufficient to establish the element of forcible compulsion.
Pursuant to CPL 70.10 (1), “DJegally sufficient evidence” is defined as: “competent evidence which, if accepted as true, would establish every element of an offense charged.” Pursuant to Penal Law § 130.65, “[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: 1. [b]y forcible compulsion.” It is uncontested that the defendant subjected the victim to sexual contact. “ ‘Sexual contact’ means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party . . . [i]nclud[ing] the touching of . . . the victim by the actor, whether directly or through clothing.” (Penal Law § 130.00 [3].)
*881 Further, “ ‘ [forcible compulsion’ means to compel by either: a. use of physical force; or b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped.” (Penal Law § 130.00 [8].) In my opinion, the evidence presented to the grand jury was sufficient to establish that the defendant used physical force.
Evidence presented to a grand jury must be viewed in the light most favorable to the prosecution and questions regarding the weight or quality of the evidence should be deferred. (See People v Swamp, 84 NY2d 725, 730 [1995].) The prosecution merely has to establish a prima facie case, not proof beyond a reasonable doubt. (See id.) The possibility that alternative conclusions may be drawn from the facts is irrelevant “as long as the [g]rand [j]ury could rationally have drawn the guilty inference.” (People v Deegan, 69 NY2d 976, 979 [1987].)
Although mere touching does not rise to the level of physical force contemplated by the Penal Law, an act has been held to be forcible if it limits the victim’s freedom of movement. (See People v Del Campo, 281 AD2d 279 [1st Dept 2001], lv denied 97 NY2d 640 [2001] [finding the act of lifting the victim off the ground was plainly forcible].) Specifically, this Court has determined that trapping a victim and blocking the victim’s means of escape may amount to physical force. (See People v Read, 228 AD2d 304 [1st Dept 1996], lv denied 88 NY2d 1071 [1996]; People v Bennett, 219 AD2d 570 [1st Dept 1995], lv denied 87 NY2d 844 [1995].) The People aptly draw an analogy from these two cases to the instant case insofar as this Court deemed that the use of a “human wall” amounted to physical force in robbery cases. In Bennett, this Court found that when the defendant and three others “formed a human wall that blocked the victim’s path,” it was legally sufficient to establish the use of physical force required for a robbery. (Bennett, 219 AD2d at 570.) Additionally, in Read, this Court found that there was legally sufficient evidence establishing “at the least [a] threatened . . . use of force by the manner in which [the defendant and his accomplices] surrounded defendant and prevented his movement,” when they formed a human wall around the victim, and then proceeded to rob the victim. (Read, 228 AD2d at 305.)
In the instant case, the defendant pushed himself into the subway behind the victim, trapped her in the throng of riders, and thus prevented her from moving in the subway car. Hence, the evidence, when viewed in a light most favorable to the prosecution, demonstrates that he used the presence of the crowds *882 on the subway to form a “human, wall” to trap the victim. In his testimony before the grand jury, Detective Sandomir, of the Manhattan Special Victims Squad, testified that during an interview, the defendant admitted that he rode crowded subway cars, so he could sexually satisfy himself by rubbing against women. Indeed, it is evident that the defendant’s specific strategy was to trap his victims between himself and other subway passengers on a crowded car.
The defendant, like the motion court, attempts to distinguish Bennett and Read, on the basis that those two cases involved the defendant’s accomplices. I find that argument unpersuasive because the underlying motivation of the defendants in all three cases was the same: to purposely use others to block the victim from escaping. Whether the defendant uses accomplices or innocent bystanders is irrelevant. As the People correctly assert, the focus should be on the restraint accomplished by the defendant.
Further, this Court has consistently found forcible compulsion where the defendant uses superior age, size and strength to prevent the victim from escaping. (People v Webster, 205 AD2d 312 [1st Dept 1994], lv denied 84 NY2d 834 [1994] [sufficient proof of forcible compulsion by use of physical force when older, larger, and stronger defendant came up behind his 12-year-old daughter in the kitchen, pushed his body up against her and then violated her]; People v Cobb, 188 AD2d 308 [1st Dept 1992], Iv denied 81 NY2d 969 [1993] [forcible compulsion found in a first-degree sodomy charge when 23-year-old defendant lay on top of the 11-year-old victim, and used his physical dominance to prevent her from leaving]; People v Yeaden, 156 AD2d 208 [1st Dept 1989], lv denied 75 NY2d 872 [1990] [defendant’s use of his superior age, size and strength to pull his nine-year-old daughter onto his bed was sufficient evidence of forcible compulsion].) In Yeaden, this Court emphasized that it was unnecessary for the People to prove actual violent conduct, and that “[florcible compulsion was shown by evidence of the defendant dominating his smaller and weaker daughter and preventing her from leaving him.” (Yeaden, 156 AD2d at 208.) Similarly, in People v Dorsey (104 Misc 2d 963 [Sup Ct, Bronx County 1980], mod on other grounds 89 AD2d 521 [1st Dept 1982]), the court found sufficient evidence of forcible compulsion where the defendant, who was seven inches taller and more than 70 pounds heavier, trapped the victim in an elevator, and did not use any overt force against the victim other than what was necessary to complete the sexual acts.
I strongly disagree with the majority’s characterization of de *883 fendant’s conduct as “furtive behavior.” While obviously the defendant was furtive insofar as he accomplished his perverted act in a subway car full of people by “stealth,” I contend that there is nothing furtive about a 300-pound man rubbing his exposed penis and ejaculating on a trapped child. Hence, I would reverse the motion court’s dismissal of the indictment on a count of first-degree sexual abuse.

. This third-degree sexual abuse count relates to a subsequent incident involving a different complainant.

. The ruling leaves intact the court’s reduction of the charge to third-degree sexual abuse under the earlier indictment.