■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GONZALEZ, Appellant. [972 NYS2d 547]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at request for new counsel; Patricia M. Nunez, J., at jury trial and sentencing), rendered April 26, 2012, as amended April 30, 2012, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3¹/₂ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The element of forcible taking was established by evidence that defendant overpowered the elderly victim, held him down on a couch, and held his hand over the victim's mouth, and that defendant thereby compelled the victim to give up his money.

Since there was no request to charge petit larceny as a lesser included offense, "the court's failure to submit such offense does not constitute error" (CPL 300.50 [2]). In any event, there was no reasonable view of the evidence, viewed most favorably to defendant, that he took the victim's money without permission, but nevertheless did so without using force (*see e.g. People v Tucker*, 41 AD3d 210 [1st Dept 2007], *lv denied* 9 NY3d 882 [2007], *cert denied* 552 US 1153 [2008]). Similarly, counsel's failure to request this charge did not deprive defendant of effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Regardless of whether counsel should have made the request, defendant has not shown a reasonable probability that the charge would have been granted or that, if granted, it would have affected the outcome.

The calendar court properly exercised its discretion when it denied defendant's request for appointment of new counsel. Contrary to defendant's contention, the record reflects that the court provided defendant an adequate opportunity to state his reasons for substitution (*compare People v Hansen*, 37 AD3d

318 [1st Dept 2007], *with People v Bryan*, 31 AD3d 295 [2006]). The court asked defendant what he wished to say, considered defendant's stated reasons for requesting new counsel, and correctly rejected them.

Defendant did not preserve his claim that he was deprived of a fair trial by the trial court's questioning of the victim, and we decline to review it in the interest of justice. As an alternative holding, we find that the court acted reasonably when it asked a few clarifying questions (*see People v Moulton*, 43 NY2d 944 [1978]), and that it did not take on "either the function or appearance of an advocate" (*People v Arnold*, 98 NY2d 63, 67 [2002]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.