MERRITT, Circuit Judge, dissenting.
 

 There are many cases under New York's second degree robbery statute. Some of them find a violation but do not require any violent physical force. Take the case of
 
 People v. Bennett
 
 ,
 
 219 A.D.2d 570
 
 ,
 
 631 N.Y.S.2d 834
 
 (N.Y. App. Div. 1995), in which the defendant was part of a human wall holding hands in order to block the victim's path as he attempted to pursue a pickpocket. No violence or threat. The New York court applied the statute. As a result, as my colleagues seem to admit, the First and Second Circuits do not consider the New York statute to necessarily require the use or threatened use of violent physical force. The application of the statute is uncertain, to say the least. On the question of force, the statute has been interpreted all over the place. The various umpires have different "strike zones." As applied, the meaning of the statute is ambiguous.
 

 I would, therefore, apply the Rule of Lenity. When applying the Rule of Lenity in this situation, I would think that my colleagues would not apply the Armed Career Criminal Act to impose the longest possible mandatory minimum sentence. We have the choice of not applying the harsher sentence under the Rule of Lenity. But no. Given the choice of a harsher or milder sentence by this unstable maze of cases, the Court chooses the harsher sentence. Why? I don't know. I leave it to the reader to speculate.
 

 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.