People v Pinkston (2019 NY Slip Op 01171)





People v Pinkston


2019 NY Slip Op 01171


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


2373/14 8015 8014

[*1]The People of the State of New York, Respondent,
v
Davon Pinkston, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Alejandro Rivera, Defendant-Appellant.


Marianne Karas, Thornwood, for Davon Pinkston, appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for Alejandro Rivera, appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 4, 2015, convicting defendant Davon Pinkston, after a jury trial, of conspiracy in the first degree, conspiracy in the third degree (two counts), attempted murder in the second degree (three counts), assault in the first degree, attempted assault in the third degree (two counts), attempted gang assault in the first degree and criminal possession of a weapon in the second degree (six counts), and sentencing him to an aggregate term of 54 years, 11 months and 22 days to life, unanimously affirmed. Judgment, same court and Justice, rendered November 23, 2015, convicting defendant Alejandro Rivera, after a jury trial, of conspiracy in the third degree (two counts), attempted gang assault in the first degree and attempted assault in the first degree, and sentencing him to an aggregate term of 19&frac23; years, unanimously affirmed.
The verdicts were based on legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). Moreover, we find that the evidence against each defendant was overwhelming. There is no basis for disturbing the jury's credibility determinations. In addition to testimony from cooperating witnesses, there was extensive evidence including Facebook messages and recorded phone conversations.
The fact that defendants were in leg shackles during a brief portion of jury selection was harmless given the overwhelming evidence of guilt (see People v Clyde, 18 NY3d 145, 153-154 [2011], cert denied 566 US 944 [2012]).
Expert testimony on gang activity did not exceed the limitations outlined in People v Inoa (25 NY3d 466 [2015]). Among other things, an officer properly testified about his own observations, and the fixed meaning of gang code words (see Matter of Dysean R., 137 AD3d 604 [1st Dept 2016] [officer properly permitted to identify and interpret gang activity through use of social media]; People v Shan, 276 AD2d 282 [1st Dept 2000], lv denied 96 NY2d 740 [2001] [proper exercise of discretion to admit expert testimony relating to gang activities]; People v Hinton, 178 AD2d 279 [1st Dept 1991], lv denied, 79 NY2d 948 [1992] [proper to admit officer's explanations of jargon associated with street drug trade]). There was no legal [*2]impediment to the officer providing testimony both as a fact witness and as an expert witness (People v Singleton, 270 AD2d 190 [1st Dept], lv denied 95 NY2d 858 [2000]; People v Lamboy, 228 AD2d 366 [1st Dept 1996], lv denied 88 NY2d 988 [1996]).
The circumstances also warranted testimony by the officer identifying defendants as persons depicted in videotapes (see People v Russell, 79 NY2d 1024, 1025 [1992]). Notwithstanding the fact that defendants had not changed their appearance subsequent to having been videotaped, the testimony was permissible, because "[the] testimony served to aid the jury in making an independent assessment regarding whether the [men] in the [video] [were] indeed the defendant[s]'" (People v Montanez, 135 AD3d 528 [1st Dept 2016], lv denied 27 NY3d 1072 [2016], quoting Russell, 79 NY2d at 1025). Furthermore, the circumstances suggested that the jury would be less able than the officer to determine whether the defendants were seen in the videotapes, given the poor quality of the surveillance tapes, which showed groups of young men, mostly from a distance, thus rendering his testimony appropriate (see People v Boyd, 151 AD3d 641 [1st Dept], lv denied 29 NY3d 1124 [2017]; People v Sanchez, 95 AD3d 241, 249-250 [1st Dept 2012], affd 21 NY3d 216 [2013]). The trial court instructed the jurors that the officer's testimony concerning the identities of those seen on video was his opinion and that the ultimate identification determination belonged exclusively to the jury. Furthermore, none of the officer's testimony violated the hearsay rule or defendants' right of confrontation.
Pinkston's Confrontation Clause complaint about DNA evidence is likewise meritless. His claim that this evidence was irrelevant or lacking in probative value is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
Defendants did not preserve their complaints about the court's supplemental jury instructions, and we decline to review them in the interest of justice. As an alternative holding, we find that, as to each of the two defective instructions cited by defendants, the court corrected itself and sufficiently cured the defects.
The various evidentiary and other trial rulings challenged by defendants were proper exercises of the court's discretion, and they did not deprive either defendant of a fair trial.
Rivera's complaints about the prosecutor's cross-examination and summation are likewise unavailing. Rivera did not preserve his contention that the court unfairly denigrated or unfairly treated his trial counsel, and we decline to review it in the interest of justice. As an alternative holding, we find that he has not shown that the court's admonitions were unwarranted or prejudicial.
In any event, we find that any errors regarding any of the issues raised by either or both defendants on appeal were harmless in light of the overwhelming evidence of each defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]). The record does not establish that either defendant's
sentence was based on any improper considerations, and we perceive no basis for reducing the sentences.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK