People v Moco (2019 NY Slip Op 07855)





People v Moco


2019 NY Slip Op 07855


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10249 4097/14

[*1] The People of the State of New York, Respondent,
v
Robert Moco, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Deborah L. Morse of counsel), for respondent.



Judgment, Supreme Court, New York County (Ann M. Donnelly, J.), rendered October 16, 2015, convicting defendant, after a jury trial, of stalking in the first degree, criminal contempt in the first degree and two counts of criminal contempt in the second degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The People should not have been permitted to cross-examine defendant about the underlying facts of two prior arrests that resulted in dismissals, where the prosecutor had not ascertained whether the charges had been dismissed on the merits, which would have negated any good faith basis for inquiry (see People v Padilla, 28 AD3d 365 [1st Dept 2006], lv denied 7 NY3d 792 [2006]; see also People v Stabell, 270 AD2d 894, 894 [4th Dept 2000], lv denied 95 NY2d 804 [2000]). Nevertheless, any prejudice from the brief questioning was minimized by the court's statement to the jury that the charges were dismissed, and by defendant's testimony to that effect. In any case, any error was harmless because the proof of defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted defendant had the error not occurred (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). The victim testified in detail to defendant's threats, stalking, and violence, and her testimony was corroborated by, among other things, one of her landlords and recordings of defendant's threatening phone calls to owners of the restaurant where the victim worked.
The court providently exercised its discretion in denying defendant's request for a continuance, in the midst of trial testimony, for the purpose of hiring new counsel. Even though the court initially expressed a disinclination to grant the application, it gave defendant a full opportunity to express his grievances against his counsel, who was already the third lawyer on the case. Defendant's complaints about, and lack of communication with, his trial counsel fell short of the kind of exigent or compelling circumstances that would warrant disruption of an ongoing trial to permit defendant to seek another attorney (see People v Arroyave, 49 NY2d 264, 271-272 [1980]; People v Hansen, 37 AD3d 318, 319 [1st Dept 2007]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK