People v Watson (2024 NY Slip Op 50443(U))

[*1]

People v Watson (Hector)

2024 NY Slip Op 50443(U)

Decided on April 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570101/22

The People of the State of New York, Respondent,
against
Hector Watson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Michael John Hartofilis, J.), rendered July 15, 2021, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael John Hartofilis, J.), rendered July 15, 2021, affirmed.
Defendant's plea to third-degree assault was knowing, voluntary, and intelligent (see People v Conceicao, 26 NY3d 375, 383 [2015]). In satisfaction of a felony complaint charging, inter alia, second-degree assault (see Penal Law § 120.05[2]), defendant pleaded guilty to the reduced charge of third-degree assault in exchange for a six month sentence. Defendant stated that he was entering into the plea voluntarily, admitted to intentionally causing physical injury to complainant, and acknowledged the rights he was waiving by pleading guilty, including the right to a jury trial, the right to remain silent and the right to cross-examine the People's witnesses. Defendant was also expressly advised that his waiver of discovery was not a condition of his guilty plea (see People v Pompey, 203 AD3d 1411, 1413 [2022], lv denied 38 NY3d 1009 [2022]). Thus the record shows that defendant, represented by counsel and no novice to the criminal justice system (with 72 prior convictions), clearly understood the nature of the charge to which he was pleading guilty and willingly entered his plea to obtain the benefit of the bargain he had struck (see People v Goldstein, 12 NY3d 295, 301 [2009]).
Defendant's purported waiver of his right to appeal is invalid. The court did not elicit any on-the-record acknowledgments that defendant understood the nature of the rights he was waiving or the consequences of the waiver, or that he understood the written waiver that he signed (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bonilla, 211 AD3d 614, 615-616 [2022]).
Nevertheless, the court properly exercised its discretion in denying defendant's request for new counsel. The court gave defendant an opportunity to air his grievances against counsel (see People v Hansen, 37 AD3d 318, 318-319 [2007]). The court asked defendant what he wished to [*2]say, considered defendant's stated reasons for requesting new counsel, and correctly rejected them (see People v Gonzalez, 110 AD3d 515, 515-516 [2013], lv denied 23 NY3d 1020 [2014]). This constituted a suitable inquiry given the lack of substance of those complaints, particularly since they were made immediately after the court had granted defendant's request for substitution of his first assigned counsel, strongly suggesting that the second request was simply a delay tactic (see generally People v Zuniga, 149 AD3d 660, 660 [2017], lv denied 29 NY3d 1136 [2017]).
We note, in any event, that even if defendant's appellate claims had merit, the appropriate remedy in this case would be to vacate the plea and remand for further proceedings on the felony complaint. Defendant, however, only requests dismissal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2024