■ In the Matter of FAUSTA DELBEAU, as Administrator of the Estate of JEANNEL DELBEAU, Deceased, Respondent, v JULIUS ST. JEAN, a Financially Irresponsible Motorist, by the Motor Vehicle Accident Indemnification Corporation, Appellant.—In a proceeding pursuant to section 610 of the Insurance Law to compel payment by the Motor Vehicle Accident Indemnification Corporation (MVAIC) of a judgment recovered by the petitioner against an alleged uninsured motorist, the appeal is from an order of the Supreme Court, Kings County, dated February 16, 1978, which granted the application. Order reversed, on the law, with $50 costs and disbursements, and matter remanded to Special Term for further proceedings in accordance herewith. In accordance with subdivision (d) of section 611 of the Insurance Law, petitioner was "required to show * * * whether the judgment debtor at the time of the accident was insured". Special Term erred in holding that MVAIC was estopped from claiming that the judgment debtor did, in fact, have such insurance merely because it had previously opted, pursuant to subdivision (b) of section 609 of the Insurance Law, to undertake the defense of the tort-feasor. Such a finding of estoppel, on these facts, is tantamount to granting to petitioner a judgment against MVAIC, merely because of its unsuccessful defense on behalf of the tort-feasor. This is contrary to the statutory scheme (cf. *Cudahy v MVAIC,* 36 AD2d 717). The peculiar facts of *Matter of Eatman v MVAIC* (84 Misc 2d 910) render that decision inapposite. Accordingly, the proceeding must be remanded to Special Term for a determination as to whether the judgment debtor was covered by a policy of automobile insurance on the date of the accident. Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.

■ In the Matter of WADE F. Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated June 23, 1977, which adjudicated the appellant a juvenile delinquent and placed him on probation for a period of two years. Order affirmed, without costs or disbursements. No opinion. Titone, Hawkins and O'Connor, JJ., concur.

Martuscello, J. P., dissents and votes to reverse the order and dismiss the petition, with the following memorandum: There was insufficient evidence to support the finding of the Family Court that appellant participated in an act, which if committed by an adult, would constitute the crime of robbery in the first degree. On the morning of October 13, 1976, the 12-year-old victim arrived at school, at which time he was approached by Christopher C., who demanded his bus pass and pulled out a razor. Appellant and another boy then approached and appellant stood behind the victim as he handed his bus pass to Christopher. The victim testified that appellant never touched him, nor said anything. Further, appellant denied that he was acting in concert with Christopher. Appellant's mere presence did not establish his complicity (see *People v Ligouri,* 284 NY 309, 318). Nor was there any evidence that appellant intentionally "blocked" the victim's avenue of escape.