■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HURK, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered September 5, 1980, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant Christopher Hurk and his codefendant Derek Alleyne were tried together on charges arising from an August 11, 1979 incident wherein Alleyne snatched a gold chain and medallion from the neck of complainant Craig Morris. Testimony at the trial indicated that during an ensuing fight between Alleyne and Morris, the defendant, present throughout, repeatedly struck Morris, and told Alleyne "back away, back away. I'm going to blow him away".

Defendant argues on this appeal that the People failed to prove beyond a reasonable doubt that he was acting in concert with his codefendant Derek Alleyne (Penal Law §§ 160.10 [1], 20.00). A jury verdict will not be disturbed if, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (*People v Contes,* 60 NY2d 620, 621). In deciding whether the People met their burden as to the element of intent, we are required to determine whether, considering the facts proved and the inferences that could reasonably be drawn therefrom, the jury could have concluded that there was no reasonable doubt that the defendant intended to commit the crime charged (*People v Barnes,* 50 NY2d 375, 381; *People v Castillo,* 47 NY2d 270, 277). On this record, the

jury could have rationally concluded beyond a reasonable doubt that defendant aided Alleyne in preventing Morris from recovering his gold chain, and that defendant intended to commit the crime of robbery in the second degree (Penal Law §§ 20.00, 160.10 [1]; *People v Barnes, supra; see also, Matter of Wade F.,* 66 AD2d 819, *affd* 49 NY2d 730). Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.