■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 4, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, as we are required to do (see, e.g., People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Bigelow, 106 AD2d 448), we find the evidence is legally sufficient to establish that the defendant was an accomplice in the commission of the robbery of the complainant and not merely a bystander. The robbery occurred in the elevator of an apartment building. The complainant identified the defendant and the codefendant Grantley Alleyne as two of the three perpetrators. In a written statement to the police, the defendant identified his companions by their first names, to wit, Grantley and Sham. The defendant did not speak to or touch the complainant during the commission of the robbery. However, it is noteworthy that while the complainant complied with Grantley's demand to hand over her rings and either Grantley or Sham removed the complainant's purse from her pocket, the defendant, with a grin on his face, stood between the complainant and the elevator door, blocking the only possible avenue of escape (see, People v Dorsey, 112 AD2d 536; People v Hayes, 117 AD2d 621). After the robbery, the defendant, Grantley, and Sham exited the elevator on the fourth floor. According to the complainant, all three men were laughing. Furthermore, in his written statement, the defendant stated that Grantley told Sham that the rings were worthless and admitted that he accepted $2 from Sham, who, according to the defendant, had the complainant's purse. Based upon this credible evidence of

accessorial conduct, any rational trier of fact could have concluded beyond a reasonable doubt that the defendant possessed the requisite mental culpability to commit robbery in the second degree and intentionally aided in the perpetration of that crime (see, Penal Law §§ 20.00, 160.10 [1]; see also, Matter of Wade F., 49 NY2d 730; People v Allen, 111 AD2d 861; People v Hurk, 111 AD2d 933).

Lastly, since the prosecution proffered both direct and circumstantial evidence to demonstrate the defendant's culpability, we reject his contention that a charge on circumstantial evidence was required (see, People v Ruiz, 52 NY2d 929; People v Gerard, 50 NY2d 392, 397-398; People v Barnes, 50 NY2d 375, 380). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.