■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WHITE, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 31, 1989, convicting defendant, after a jury trial, of attempted robbery in the second degree and sentencing him, as a second felony offender, to an indeterminate prison term of from 3½ to 7 years, unanimously affirmed.

At approximately midnight on January 24, 1989, police officers observed defendant and codefendant David Cheeseboro walking up and down major avenues of Manhattan's Upper West Side and peering down side streets. After following defendant and Cheeseboro for awhile, a police officer observed

defendant cross 85th Street to walk directly toward a woman wearing a fur coat. The woman veered away from defendant by walking into the street and defendant approached, only to turn away when the woman reached Central Park West.

Immediately following this incident, the same police officer observed the complainant walking toward Central Park West on 85th Street. Defendant and Cheeseboro proceeded to walk towards the complainant with defendant walking approximately seven feet in front of Cheeseboro. Defendant passed the complainant and turned around just as Cheeseboro pushed the complainant against a car, knocked her to the ground, and proceeded to grab the screaming woman's handbag. Defendant looked both ways down the street, crossed the street, and again looked both ways. Defendant and Cheeseboro were immediately arrested by a backup team.

The court properly declined to charge third degree robbery as a lesser included offense since there was no reasonable view of the evidence which would support a finding that defendant committed the lesser offense but not the greater (CPL 300.50 [1]; *see, People v Gonzalez,* 158 AD2d 399, *lv denied* 75 NY2d 966). Contrary to defendant's assertions, the facts unequivocally establish that defendant was "actually present" for purposes of Penal Law § 160.10 (1) *(People v Dennis,* 146 AD2d 708, *affd* 75 NY2d 821). Defendant's argument that the court should have elaborated on the definition of "actually present" is unpreserved for appellate review (CPL 470.05 [2]).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.