■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVIS, Appellant.—Judgment, Supreme Court, New York County (Frederick Berman, J.) rendered September 23, 1988, convicting defendant after a jury trial of attempted robbery in the third degree, for which defendant was sentenced as a second felony offender to 2 to 4 years, unanimously affirmed.

Two police officers testified that they observed defendant push the victim forward, and reach into the victim's back pocket, as he simultaneously grabbed him by the waist. When the victim attempted to grab defendant's hand, defendant knocked him to the ground and ran. The officers, who were about ten yards away, pursued defendant and apprehended

him. As the officers were handcuffing defendant, an unidentified civilian in battle fatigues, who claimed to have seen the incident, punched defendant. When police attempted to get this man's identity, he identified himself both as a member of the Special Forces, and as Felix the Cat. At trial, both officers testified to their belief that this man was mentally deranged.

Defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence. The testimony established the requisite use of physical force to accomplish a robbery, rather than a larceny. (Penal Law § 160.00 [1]; cf., *People v Chessman*, 75 AD2d 187, *appeal dismissed* 54 NY2d 1016.) Defendant's actions during the pickpocketing, as well as knocking the victim to the ground in an attempt to escape, constituted a continuous use of physical force *(see, People v Dekle,* 83 AD2d 522, *affd* 56 NY2d 835).

Defendant's contention on appeal that the trial court should have submitted the lesser included offense of attempted petit larceny is unpreserved for review as a matter of law (CPL 470.05 [2]). We find that counsel provided a meaningful representation within the contemplation of *People v Baldi* (54 NY2d 137). Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.