■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PATTON, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 27, 1990, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 5 to 10 years, unanimously affirmed.

Evidence at trial was that defendant approached to within a foot of the victim, as codefendant walked around to the other side of the victim, and that codefendant yanked a gold chain and medallion from the victim's neck, scratching the victim and tearing his shirt, and then walked away. As the victim tried to walk after codefendant, defendant stepped in front of him and persistently shoved him back. Each time the victim tried to get around defendant, defendant walked over and shoved the victim again. A police officer interceded, apprehended both defendant and codefendant, and recovered the victim's chain and medallion from codefendant.

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of robbery in the second degree. Although codefendant actually stole the chain and medallion, credible evidence showed that defendant acted as a blocker, overcoming the victim's resistance to the robbery within the meaning of Penal Law § 160.00 (1). That there exists a potentially innocent inference arising from defendant's conduct, does not, of itself, render the evidence legally insufficient (People v McKay, 162 AD2d 146, lv denied 76 NY2d 895). We reject defendant's argument that the evidence against him is legally insufficient because it does not show that he affirmatively participated in the taking of the property. By blocking the victim's passage, defendant aided in codefendant's retention of the property, and thereby participated in the robbery (People v Robinson, 127 AD2d 860; see also, People v Dennis, 146 AD2d 708, affd 75 NY2d 821). With respect to the element of forcible taking, the evidence established the requisite physical force to enhance the charge from larceny to robbery (see, People v Rivera, 160 AD2d 419, lv denied 76 NY2d 795; People v Davis, 171 AD2d 518, lv denied 78 NY2d 921). Concur—Milonas, J. P., Wallach, Kupferman and Smith, JJ.