■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE TAYLOR, Appellant. [610 NYS2d 30] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered March 16, 1992, convicting defendant, after jury trial, of five counts of robbery in the second degree, and sentencing him to four terms of 7 to 14 years and one term of 5 to 10 years, all to run concurrently, unanimously affirmed.

This prosecution arose out of several robberies perpetrated in Riverside Park, in quick succession, during the morning of July 16, 1991. James Smith was present with defendant for each of these robberies. During one robbery, defendant savagely beat the victim, causing severe injury. During another robbery, defendant simulated his possession of a weapon, by placing his right hand under the left side of his jacket, by the waistband, as he demanded money. This conduct satisfied the element of robbery in the second degree that he displayed what appeared to be a firearm *(People v Lopez,* 73 NY2d 214; *People v Williams,* 187 AD2d 266, *lv denied* 81 NY2d 767) regardless of whether the bulge thereby created could have been explained otherwise *(People v Simmons,* 186 AD2d 95, 97, *lv denied* 81 NY2d 976). During these robberies Smith stood close by, either blocking the victim as he or she approached *(People v Patton,* 184 AD2d 483), acting as lookout *(People v White,* 167 AD2d 246, *lv denied* 77 NY2d 883), standing in an

avenue of escape *(People v Robinson,* 127 AD2d 860), impeding pursuit *(People v Patton, supra),* or positioning himself to provide immediate aid to defendant during the robbery *(People v Wilkerson,* 189 AD2d 592, *lv denied* 81 NY2d 849). The element of robbery in the second degree requiring that the defendant be aided by another person actually present thereby was satisfied. Furthermore, the evidence establishes that these defendants shared a community of purpose in robbing these victims *(see, People v McLean,* 107 AD2d 167, 169, *affd* 65 NY2d 758). Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings of credibility, under the standards set forth in *People v Bleakley* (69 NY2d 490, 495) defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence and the verdict was not against the weight of that evidence.

Defendant's challenge to the return of vouchered money prior to trial without notice to defendant in violation of Penal Law § 450.10 is unpreserved for review, and we decline to review it in the interest of justice. We note, however, defendant has failed to demonstrate actual prejudice, or bad faith *(People v Graham,* 186 AD2d 47, *lv denied* 80 NY2d 975), and the court provided adequate sanctions *(see, People v Borders,* 163 AD2d 852, *lv denied* 76 NY2d 891). Defendant's challenge to the court's identification charge is unpreserved for review *(see, People v Whalen,* 59 NY2d 273), and we decline to review it in the interest of justice. In any event, the charge adequately focused the jury's attention on lighting, the length of observations, the distance between witnesses and the perpetrators, and the victims' frames of mind *(see, People v Lane,* 143 AD2d 581, 582).

We have considered defendant's remaining contentions and find they do not warrant modification of the judgment. Concur —Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.