■ In the Matter of CHRISTINA V., a Person Alleged to be a Juvenile Delinquent, Appellant. [632 NYS2d 72] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered on or about July 18, 1994, which adjudicated respondent a juvenile delinquent upon a fact-finding that she committed acts which, if committed by an adult, would constitute the crimes of assault in the first degree and attempted robbery in the first degree, and placed her on probation for 2 years, unanimously affirmed, without costs.

Respondent had a box cutter in her jacket pocket, blocked an escape route available to the complainant by standing on the subway stairs while one of her male companions stood behind the complainant and the other grabbed for his radio and then slashed and punched him. In addition, she quickly followed the two others as they left the scene, and picked up a bandanna that one of them dropped in flight, and was close enough to the slashing to get blood on her clothes. All this proof was sufficient to establish her in-concert liability notwithstanding that

she never touched or spoke to the complainant (*Matter of Emerson D.*, 189 AD2d 712; *see also, People v Taylor*, 203 AD2d 77, *lv denied* 83 NY2d 915; *People v Davis*, 186 AD2d 437, *lv denied* 81 NY2d 787).

Although it is possible to infer, as respondent asserts, that she moved to the stairs in order to distance herself from the impending attack, this possibility did not render the evidence legally insufficient, and Family Court's resolution of the factual issue thereby raised was not against the weight of the evidence (*see, People v Patton*, 184 AD2d 483). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.