■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DIXON, Appellant. [648 NYS2d 1009] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered December 12, 1994, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to present legally sufficient evidence to prove that he used "physical force" (Penal Law § 160.00), which was necessary to support his conviction for robbery in the third degree. We disagree. The victim testified that she experienced pain in her neck and suffered a scratch when the defendant ripped two gold chains from around her neck. She further testified that one of the chains "divided into two" during the incident. The defendant was apprehended shortly after the incident with the chains in his possession. Viewing the evidence in the light most favor-

able to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the third degree beyond a reasonable doubt *(see, People v Ross,* 180 AD2d 698; *People v Crandall,* 135 AD2d 1084; *People v Rivera,* 160 AD2d 419; *see generally, People v Santiago,* 62 AD2d 572, *affd* 48 NY2d 1023). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The record as a whole does not support the defendant's contention that the court erred in declining to have the defendant examined pursuant to CPL article 730 during the trial. Although the defendant's behavior at times was erratic and disruptive, the record shows that he was able " 'to consult with his lawyer with a reasonable degree of rational understanding—and * * * ha[d] a rational as well as factual understanding of the proceedings against him' " *(People v Francabandera,* 33 NY2d 429, 436, quoting *Dusky v United States,* 362 US 402; *People v Gelikkaya,* 84 NY2d 456, 459). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.