■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS R. CURET, Appellant. [683 NYS2d 602] —White, J. Appeal from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered April 9, 1997, upon a verdict convict-

ing defendant of the crimes of robbery in the first degree and criminal possession of a weapon in the fourth degree.

Defendant was being tried before County Court on charges of robbery in the first degree and criminal possession of a weapon in the fourth degree. During its deliberations the jury requested clarification of that part of the charge which explained the concept of the "minimal amount of force" that must be exerted by a defendant in order to find him or her guilty of "forcibly" stealing property, within the meaning of the description of the crime of robbery in the first degree as set forth in Penal Law § 160.15. County Court responded to the jury's request by submitting a supplemental instruction to the jury, explaining that: "Physical force is force applied to the body by some external means * * * it connotes some kind of violation, compulsion or constraint. It must be more than a mere touching or threat to do so. It connotes rather a physical power causing or capable of causing or inspiring fear of some physical harm against the person at [whom] it is directed." The jury then returned to its deliberations, ultimately arriving at a verdict convicting defendant of both counts of the indictment. Defendant appeals, contending that County Court committed reversible error when it amplified its original jury instructions by submitting additional instructions setting forth a detailed description of the elements of robbery in the first degree.

A trial court is required to respond meaningfully to a jury's request for supplemental instructions, paying particular attention to whether the jury's question needs to be clarified before it is answered, the nature of the issue about which inquiry is made and whether a supplemental instruction will prejudice the defendant (*see, People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847; *People v Starr*, 213 AD2d 758, *lv denied* 85 NY2d 980; *see also*, CPL 310.30).

In regard to the instant matter, we find no fault with County Court's supplemental jury instruction. It gave a neutral and accurate elucidation of the term "physical force" without being prejudicial to the defense, instructing the jury that "physical force", as used in Penal Law § 160.15, requires significantly more than mere unwanted physical contact. Although defendant argues that County Court erred by submitting more than a rereading of its original instruction in response to the jury's inquiries, we find that County Court scrupulously fulfilled its obligation to make a meaningful response to the jury's inquiry (*see, People v Poette*, 229 AD2d 796, *lv denied* 88 NY2d 1071). Moreover, the Court of Appeals has instructed that a simple rereading of a charge may, in itself, constitute reversible error

in that the jurors may have been left without adequate guidance (*see, People v Malloy, supra,* at 303-304).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.