■ The People of the State of New York, Appellant, v Thomas J. Dobbs, Respondent. [805 NYS2d 734]—

Cardona, P.J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), rendered April 8, 2005, which, inter alia, reduced the sole charge of the indictment from robbery in the third degree to petit larceny.

Defendant was charged in an indictment with the crime of robbery in the third degree after he snatched a purse from a 79-year-old woman in the City of Ogdensburg, St. Lawrence

County. Thereafter, the parties entered into a stipulation in lieu of motions under which they agreed, among other things, to have County Court review the sufficiency of the evidence presented to the grand jury to determine if it supported the charge contained in the indictment. After reviewing the grand jury minutes and finding that there was an absence of proof of a forcible taking, County Court reduced the charge to petit larceny. In response, the People requested, inter alia, that County Court reconsider its decision and reinstate the count of robbery in the third degree. The court denied the People's request and adhered to its original decision, prompting this appeal by the People.

Penal Law § 160.05 provides that "[a] person is guilty of robbery in the third degree when he forcibly steals property." The use or threatened use of physical force is a necessary prerequisite (*see* Penal Law § 160.00). The dispositive issue in this case is whether the evidence presented to the grand jury established that defendant used physical force to steal the victim's purse. The only witness to testify concerning the circumstances of the crime was the victim herself. She stated that she was going to a physical therapy appointment at 8:00 A.M. on January 31, 2005 and had been dropped off in front of the office. She testified that she walked around the side of the building holding her purse in her right hand with the strap twisted around her wrist when she felt a tug. She stated that she then felt a bigger tug, at which time she relaxed her hand and turned backward feeling a bit unsteady on her feet. She related that at that point a man grabbed her purse and ran. There is no indication from her testimony that she was threatened, pushed, shoved or injured during the incident. As there is nothing to suggest that defendant either threatened to use physical force or exerted such force upon the victim in removing her purse, County Court properly reduced the charge contained in the indictment (*see People v Middleton*, 212 AD2d 809 [1995]; *People v Davis*, 71 AD2d 607 [1979]; *compare People v Monroe*, 277 AD2d 598 [2000]; *People v Dixon*, 232 AD2d 653 [1996], *lv denied* 89 NY2d 921 [1996]; *People v Johnson*, 215 AD2d 590 [1995], *lv denied* 86 NY2d 843 [1995]; *People v Santiago*, 62 AD2d 572, 575 [1978], *affd* 48 NY2d 1023 [1980]).

Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed.