**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4702

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS ANTHONY HAMMOND,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00044-RJC-DSC-1)

Argued:  November 1, 2018                                    Decided:  January 4, 2019

Before AGEE, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by published opinion.  Judge Keenan wrote the opinion, in which Judge Agee and Judge Richardson joined.

**ARGUED:**  Ann Loraine Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.  **ON BRIEF:**  Anthony Martinez, Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we consider whether the offense of New York first-degree robbery, in violation of New York Penal Law § 160.15, qualifies as a "crime of violence" for purposes of the United States Sentencing Guidelines § 4B1.1 "career offender" enhancement. Thomas Anthony Hammond contends that the district court erred in sentencing him as a career offender, in part based on his prior conviction for that offense. Among other things, Hammond argues that the crime of first-degree robbery under New York law does not qualify as a crime of violence under the Guidelines' "force clause." We disagree and, upon our review, conclude that New York statutory robbery, irrespective of the degree of the offense, is a crime of violence, because it necessarily involves the "use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Accordingly, we affirm the district court's judgment.

I.

In 2017, Hammond pleaded guilty to one count of attempted bank robbery and one count of bank robbery, both in violation of 18 U.S.C. § 2113(a). Before sentencing, the probation officer prepared a presentence report, which included a summary of Hammond's criminal history. The criminal history showed that Hammond previously had been convicted of North Carolina common law robbery, and of New York first-degree robbery, in violation of New York Penal Law § 160.15.

Based on these convictions, the probation officer recommended that the district court impose the career offender sentencing enhancement under Guidelines § 4B1.1(a).

2

Applying this enhancement, the probation officer calculated a Guidelines range of between 151 and 188 months' imprisonment. Hammond contends that without the career offender enhancement, his advisory sentencing range would have been between 84 and 105 months' imprisonment.

Hammond objected to his classification as a career offender, arguing that his conviction for New York first-degree robbery did not qualify as a crime of violence under the Guidelines.[1] The district court rejected Hammond's argument and imposed a sentence of 168 months' imprisonment, followed by three years of supervised release. Hammond now appeals.

## II.

Hammond advances the same argument on appeal that he raised in the district court. Thus, we consider whether the offense of New York first-degree robbery, in violation of New York Penal Law § 160.15, qualifies as a crime of violence within the meaning of Guidelines § 4B1.1. This question presents an issue of law, which we review de novo. *United States v. Jenkins*, 631 F.3d 680, 682 (4th Cir. 2011).

### A.

Before addressing Hammond's arguments, we begin with an overview of the Guidelines' career offender enhancement. Under Guidelines § 4B1.1, a defendant

---

[1] Because we have concluded that North Carolina common law robbery "qualifies as 'robbery,' as that term is used in U.S.S.G. § 4B1.2(a)(2)," Hammond concedes that his conviction for North Carolina common law robbery qualifies as a predicate offense under the Guidelines. *See United States v. Gattis*, 877 F.3d 150, 160 (4th Cir. 2017).

qualifies as a career offender if he has "at least two prior felony convictions for either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). A "crime of violence" is defined as any state or federal offense punishable by imprisonment for a term exceeding one year, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause], or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion or the use or unlawful possession of a firearm . . . or explosive material [the enumerated offense clause].

*Id.* § 4B1.2(a).

We focus our analysis on the force clause of subparagraph (1) set forth above, because that clause provides the most direct route to answering the question before us. To determine whether a conviction for a state offense is a crime of violence under the force clause, we apply the "categorical approach." *United States v. Gardner*, 823 F.3d 793, 802 (4th Cir. 2016). Under that approach, the state crime necessarily must have as an element the "use, attempted use, or threatened use of physical force against the person of another" to qualify as a crime of violence under the force clause. U.S.S.G. § 4B1.2(a)(1). The Supreme Court has interpreted the term "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). If the elements of the state offense can be satisfied by "de minimis physical contact," the offense does not qualify categorically as a crime of violence. *See United States v. Burns-Johnson*, 864 F.3d 313, 316 (4th Cir. 2017).

4

In making this assessment, we review the elements of the offense and "the minimum conduct necessary for a violation" as defined by state law. *See Gardner*, 823 F.3d at 803 (citation omitted). To determine the "minimum conduct" required for the state offense, this Court must ensure that there is "a realistic probability, not a theoretical possibility, that a state would actually punish that conduct." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (internal quotation marks and citation omitted). With this framework in mind, we turn to consider Hammond's arguments.

## B.

Hammond raises two arguments in support of his contention that New York first-degree robbery does not constitute a crime of violence. He contends (1) that New York robbery, regardless of degree, does not include as an element the use of violent physical force as defined by the Supreme Court, and (2) that New York first-degree robbery in particular can be committed without the use of any force. We address each argument in turn.

### 1.

Hammond first argues that New York robbery does not qualify categorically as a crime of violence, because the offense does not require the use of violent physical force "capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. He contends that New York courts have interpreted New York's robbery statutes to require only de minimis force, such as "mere snatching." We disagree with Hammond's argument.

At the outset, we note that this Court, in an unpublished decision, recently concluded that New York second- and third-degree robbery constitute violent felonies under the identically-worded force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *United States v. Bowles*, 733 F. App'x 699, 702 (4th Cir. 2018). Because unpublished decisions may constitute persuasive, but not binding, authority, we independently examine the New York statutes. *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006).

New York has divided its robbery offense into three distinct statutes (the New York robbery statutes), each involving an increasing degree of culpable conduct. N.Y. Penal Law §§ 160.00-160.15; *see People v. Miller*, 661 N.E.2d 1358, 1360-61 (N.Y. 1995). All the New York robbery statutes, however, require the same element of force, namely, "forcible stealing." *See* N.Y. Penal Law § 160.00. Stated differently, the "core crime" of New York robbery, irrespective of degree, is defined as "forcibly steal[ing] property." *Id.; Miller*, 661 N.E.2d at 1360 ("The essence of the [New York] crime of robbery is forcible stealing."). Accordingly, if "forcible stealing" requires the use of "force capable of causing physical pain or injury," *Johnson*, 559 U.S. at 140, the New York robbery statutes all qualify as predicate offenses under the Guidelines' force clause.

A person "forcibly steals property" under New York law when

in the course of committing a larceny, *he uses or threatens the immediate use of physical force upon another person* for the purpose of:

1.      Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

6

> 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

N.Y. Penal Law § 160.00 (emphasis added). Although "physical force" in this context is not defined, New York law gives common-law terms their common-law meanings, unless context suggests otherwise. *People v. King*, 463 N.E.2d 601, 603 (N.Y. 1984). "Physical force" as used to define robbery under the common law has "long been understood to require violent force or intimidation of violent force." *Perez v. United States*, 885 F.3d 984, 988-89 (6th Cir. 2018) (citations omitted). Thus, the plain language of the New York robbery statutes suggests that the use or threat of violent physical force is required for all degrees of the offense. *See United States v. Pereira-Gomez*, 903 F.3d 155, 165 (2d Cir. 2018) ("By its plain language . . . New York's robbery statute includes as an element the use of violent force.").

This interpretation is supported by New York case law applying the New York robbery statutes. New York courts have interpreted "forcible stealing" to require "significantly more [force] than mere unwanted physical contact." *People v. Curet*, 683 N.Y.S.2d 602, 603 (N.Y. App. Div. 1998); *see People v. Chatman*, 833 N.Y.S.2d 794, 795 (N.Y. App. Div. 2007) (affirming second-degree robbery conviction when the defendant pushed the victim aside and entered her vehicle, later breaking the victim's hold by driving away); *People v. Dixon*, 648 N.Y.S.2d 1009, 1010 (N.Y. App. Div. 1996) (concluding that evidence that a victim "experienced pain in her neck and suffered a scratch" as a result of the defendant pulling the victim's necklaces was sufficient to support the defendant's conviction for third-degree robbery). Indeed, New York courts

consistently have reversed robbery convictions when the taking at issue was committed without the use or threat of significant physical force. *See, e.g.*, *People v. Dobbs*, 805 N.Y.S.2d 734, 735-36 (N.Y. App. Div. 2005) (affirming reduction in charge from third-degree robbery to petit larceny because there was "no indication" that the victim was threatened or injured by the defendant); *People v. Middleton*, 623 N.Y.S.2d 298, 299 (N.Y. App. Div. 1995) (reversing a third-degree robbery conviction when the victim was not "intimidated, knocked down, struck, or injured"). Thus, we do not discern any material difference between the amount of force required under the New York robbery statutes and the violent physical force necessary to satisfy the Guidelines' force clause. *See Johnson*, 559 U.S. at 142 (recognizing that violent force requires more than "a mere unwanted touching").

Contrary to Hammond's contention, the great weight of New York authority establishes that the act of merely "snatching" property from a victim does not amount to "forcibly steal[ing] property" from a person. *See, e.g.*, *People v. Chessman*, 429 N.Y.S.2d 224, 227-29 (N.Y. App. Div. 1980) (holding that a purse snatching when the victim "did not feel anything on her body" did not constitute third-degree robbery under New York law); *People v. Davis*, 418 N.Y.S.2d 127, 128 (N.Y. App. Div. 1979) (concluding that a purse snatching did not amount to third-degree robbery in the absence of evidence that the victim "was injured or was in danger of injury"). Indeed, the New York Court of Appeals recently stated that "a taking 'by sudden or stealthy seizure or snatching,'" such as "pickpocketing" or "jostling" a victim, is insufficient to support a conviction for New York second-degree robbery. *People v. Jurgins*, 46 N.E.3d 1048,

8

1052-53 (N.Y. 2015). Based on the foregoing, we conclude that all the New York robbery statutes have as an element the use or threatened use of violent physical force sufficient to satisfy the force clause of Guidelines § 4B2.1(a)(1).[2]

Notably, none of the decisions on which Hammond relies suggests a different result. Hammond first cites to a decision in which a defendant and a victim had "tugged at each other" until the defendant was able to pull his hand away. *People v. Safon*, 560 N.Y.S.2d 552, 552 (N.Y. App. Div. 1990). The court in *Safon* concluded that the interaction between the defendant and the victim was sufficient to uphold a conviction for New York third-degree robbery. *Id.*

We recognize that an offense that requires only a "slight degree of force" does not qualify as a crime of violence under the Guidelines' force clause. *See United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017) (internal quotation marks and citation omitted). Nonetheless, the Supreme Court has emphasized that, to constitute a crime of violence, a state offense need only require force that is "*capable* of causing physical pain or injury," such as a "slap in the face." *Johnson*, 559 U.S. at 140, 143 (emphasis added). If a slap constitutes enough physical force to satisfy *Johnson*, we cannot say that a pull,

---

[2] We note that our conclusion is consistent with the majority of courts of appeals to consider whether the New York robbery statutes require, as an element, the use or threatened use of violent physical force. *See United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018) (concluding that New York second-degree robbery qualifies as a crime of violence under Section 2L1.2 of the Guidelines); *United States v. Williams*, 899 F.3d 659, 663-65 (8th Cir. 2018) (same); *Perez*, 855 F.3d at 989 (holding that New York second-degree robbery qualifies as a violent felony for purposes of the ACCA). *But see United States v. Steed*, 879 F.3d 440, 448-50 (1st Cir. 2018) (concluding that New York second-degree robbery is not a crime of violence under Guidelines § 4B2.1(a)).

9

powerful enough to break a person's grip, would not be "capable of causing physical pain."[3]  *Id.* at 140.

Hammond next cites to a New York state case in which the defendant and three others "formed a human wall that blocked the victim's path as the victim attempted to pursue" the defendant, who had "picked" the victim's "pocket,"  *People v. Bennett*, 631 N.Y.S.2d 834, 834 (N.Y. App. Div. 1995), and to another case in which the defendant physically "block[ed] the victim's passage,"  *People v. Patton*, 585 N.Y.S.2d 431, 431 (N.Y. App. Div. 1992).  Hammond contends that because there was no actual force employed against the victims in those cases, yet the defendants were convicted of New York second-degree robbery, the decisions in *Bennett* and *Patton* demonstrate that "forcible stealing" can be committed without any use or threatened use of force.

Hammond, however, minimizes the defendants' conduct in those cases.  In *Patton*, the defendant not only blocked the victim's path, but "persistently shoved [the victim] back" multiple times.  *Id.*  The codefendant in that case also stole the victim's gold chain by "yank[ing]" it from the victim's neck, "scratching the victim and tearing his shirt."  *Id.*

---

[3] We disagree with Hammond's argument that this Court's decisions in *Winston*, 850 F.3d 677, and *Gardner*, 823 F.3d 793, require a different result here.  In *Winston* and *Gardner*, we considered whether Virginia's and North Carolina's respective common law robbery crimes constituted "violent felonies" under the ACCA.  *See Winston*, 850 F.3d at 685; *Gardner*, 823 F.3d at 803-04.  Based on each states' interpretation of its own robbery offense, we concluded that each respective crime could be committed without the force required by the Supreme Court.  *See Winston*, 850 F.3d at 685; *Gardner*, 823 F.3d at 803-04.  We conduct the same analysis in the present case, applying the same legal standards.  That we reach a different conclusion based on New York courts' interpretation of the New York robbery statutes does not create a tension among our cases.

10

Taken as a whole, the conduct at issue in *Patton* plainly involved the use or threatened use of violent physical force.

With respect to *Bennett*, Hammond correctly observes that the defendant in that case did not use actual force against the victim. Nonetheless, Hammond fails to recognize that the defendant's action with others of forming the "human wall" involved the "threatened use of physical force." *See Bennett*, 631 N.Y.S.2d at 834. Stated differently, the actions of the defendant and his accomplices involved a threat of violent force that dissuaded the victim from attempting to break through the human wall or otherwise to pursue the defendant. *Accord Pereira-Gomez*, 903 F.3d at 166; *Perez*, 885 F.3d at 989-90. Because the Guidelines' force clause includes the "threatened use of physical force," U.S.S.G. § 4B2.1(a)(1), the cases on which Hammond relies involve a degree of threatened force sufficient to come within the scope of the Guidelines' career offender enhancement.

## 2.

In a related argument, Hammond contends that, regardless of New York's statutory definition of robbery, New York first-degree robbery is not a crime of violence because that statute can be violated by merely possessing, without displaying, a deadly weapon. *See* N.Y. Penal Law § 160.15(2) ("A person is guilty of robbery in the first degree when he forcibly steals property and when . . . [he] is armed with a deadly weapon."). However, Hammond misconstrues New York's first-degree robbery statute.

As we have explained, the New York robbery statutes all require that the prosecution prove the same element of "forcible stealing." *See People v. Gordon*, 16

11

N.E.3d 1178, 1183-84 (N.Y. 2014). A person is guilty of New York first-degree robbery when he "forcibly steals property," as defined in New York Penal Law § 160.00, and his conduct satisfies one of four additional aggravating circumstances, such as being armed with a deadly weapon.[4] *See* N.Y. Penal Law § 160.15. Thus, anyone convicted of New York first-degree robbery necessarily has been convicted of "us[ing] or threaten[ing] the immediate use of physical force upon another person." *Id.* § 160.00; *see Miller*, 661 N.E.2d at 1360-62.

The aggravating factors necessary to commit New York first-degree robbery do not eliminate the "core" physical force element of New York robbery, but merely elevate the crime based on additional culpable conduct. *See Miller*, 661 N.E.2d at 1360-61; *see also Perez*, 885 F.3d at 988. Accordingly, because all the New York robbery statutes require the same element of violent physical force or threatened violent force, New York first-degree robbery qualifies as a crime of violence under Guidelines § 4B1.2(a)(1).[5]

---

[4] The other aggravating circumstances are when the defendant: (1) "[c]auses serious physical injury to any person who is not a participant in the crime;" (2) "[u]ses or threatens the immediate use of a dangerous instrument;" or (3) displays certain types of operable firearms. N.Y. Penal Law § 160.15.

[5] For the same reason, we reject Hammond's contention that we must apply the modified categorical approach to New York's first-degree robbery statute. The modified categorical approach is not required when each of the crimes into which a statute may be divided constitutes a crime of violence. *See United States v. Cabrera-Umanzor*, 728 F.3d 347, 352 (4th Cir. 2013) (citing *Descamps v. United States*, 570 U.S. 254, 264 (2013)). Because we conclude that all subsections of New York first-degree robbery qualify as crimes of violence, we need not apply the modified categorical approach.

III.

For these reasons, we hold that Hammond's conviction for New York first-degree robbery qualifies as a crime of violence under the force clause of Guidelines § 4B1.2(a)(1).[6] We therefore affirm the district court's judgment.

*AFFIRMED*

---

[6] Based on our holding, we need not address Hammond's alternative argument concerning whether New York first-degree robbery qualifies as a crime of violence under the "enumerated offense" clause of Guidelines § 4B1.2(a)(2).