**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4165**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

   v.

LORENZO KEITT,

                Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:17-cr-00805-TLW-1)

Argued:  December 13, 2018                Decided:  March 13, 2019

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:**  Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  William Camden Lewis, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:**  Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Keitt pleaded guilty in the District of South Carolina in 2017 to a single offense of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After establishing his advisory Sentencing Guidelines range at 70 to 87 months, the district court sentenced Keitt to 72 months in prison. On appeal, Keitt contends that the court erred in calculating his Guidelines range by incorrectly applying a provision that increases the offense level for a defendant who already has two felony convictions for "crime[s] of violence." As explained below, one of Keitt's convictions on which the court relied is not a "crime of violence." We therefore vacate the judgment and remand.

I.

In November 2017, Keitt was convicted of the 18 U.S.C. § 922(g)(1) offense of possessing a firearm and ammunition as a convicted felon. Prior to the sentencing hearing, the probation officer prepared Keitt's presentence report (the "PSR") under the Sentencing Guidelines. The PSR suggested a base offense level of 24 under Guidelines § 2K2.1(a)(2). That provision increases the base offense level — and thereby the advisory Guidelines range — if the defendant has certain prior felony convictions. More specifically, § 2K2.1(a)(2) provides that, if the defendant has at least two prior felony convictions for a "crime of violence" or a "controlled substance offense," his base offense level for the § 922(g)(1) offense increases from 14 to 24. *See* USSG § 2K2.1(a)(6)(A) (providing that, absent other factors, base offense level for § 922(g)(1)

2

offense is 14). As pertinent here, the Guidelines define a "crime of violence" as any

crime punishable by a term of imprisonment exceeding one year that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"], or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [the "enumerated crimes clause"].

*See id.* § 4B1.2(a); *see also id.* § 2K2.1 cmt. n.1 (incorporating definition of "crime of

violence" from Guidelines § 4B1.2(a) into Guidelines § 2K2.1).[1] The Guidelines

definition of a "crime of violence" thus contains two distinct clauses, commonly referred

to as the "force clause" and the "enumerated crimes clause."

The PSR recommended that the sentencing court in the District of South Carolina

apply § 2K2.1(a)(2) — and a base offense level of 24 — because Keitt had two prior

convictions for a "crime of violence." That is, the PSR specified that Keitt was

previously convicted in South Carolina state courts for the felony offenses of

(1) assaulting, beating, or wounding a law enforcement officer while resisting arrest, in

violation of South Carolina Code § 16-9-320(B) (hereinafter the "ABWO offense"), and

(2) threatening the life, person, or family of a public official, in violation of South

Carolina Code § 16-3-1040(A) (hereinafter the "threat offense"). After subtracting 3

levels for Keitt's guilty plea and acceptance of responsibility — resulting in a total

---

[1] The Sentencing Commission amended the Guidelines in August 2016 to revise the "crime of violence" definition spelled out in § 4B1.2(a). That "crime of violence" definition applies in these proceedings.

3

offense level of 21 — the PSR placed Keitt in a criminal history category of V. It then calculated his advisory Guidelines range as 70 to 87 months.

At the sentencing hearing conducted in Columbia on March 13, 2018, Keitt objected to the application of § 2K2.1(a)(2). He argued that neither his ABWO offense nor his threat offense constituted a "crime of violence." The district court, however, ruled that both offenses — the ABWO offense and the threat offense — were "crime[s] of violence" under the force clause of Guidelines § 4B1.2(a). The court thus concluded that § 2K2.1(a)(2) applied to Keitt's § 922(g)(1) conviction and required a base offense level of 24. The court adopted the remainder of Keitt's PSR, resulting in the advisory Guidelines range of 70 to 87 months. The court then sentenced Keitt — within that advisory range — to 72 months in prison. Keitt has appealed the criminal judgment, and we possess jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

II.

On appeal, Keitt maintains that the district court erred in calculating his advisory Guidelines range. That is, Keitt asserts that the court should not have applied the base offense level provided for in Guidelines § 2K2.1(a)(2), in that his ABWO offense is not a "crime of violence" under Guidelines § 4B1.2(a). In other words, he argues that he does not have two prior felony convictions for "crime[s] of violence," as required by

4

§ 2K2.1(a)(2).[2] In response, the government contends that the court correctly ruled that Keitt's ABWO offense is a "crime of violence" under § 4B1.2(a)'s force clause. We review de novo the question of whether a prior conviction is a "crime of violence." *See United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019).

## III.

### A.

The lawyers agree that we are obliged to apply the familiar "categorical approach" in assessing whether Keitt's conviction for the ABWO offense constitutes a "crime of violence." *See United States v. Jones*, 914 F.3d 893, 900-01 (4th Cir. 2019) (applying categorical approach to whether ABWO offense was "violent felony" under Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)). Pursuant to the categorical approach, we consider only the elements of the offense in dispute, not the underlying facts of that offense. *See United States v. Carthorne*, 726 F.3d 503, 514 (4th Cir. 2013). Accordingly, for an offense to qualify categorically as a "crime of violence" under the force clause of Guidelines § 4B1.2(a), the offense "necessarily must have as an element the 'use, attempted use, or threatened use of physical force against the person of

---

[2] Keitt also maintains on appeal that his conviction for the threat offense is not a "crime of violence" conviction under Guidelines § 4B1.2(a). Because we rule that the ABWO offense is not a "crime of violence," and that the district court erred in applying Guidelines § 2K2.1(a)(2), we need not decide the threat offense issue. *See United States v. Passaro*, 577 F.3d 207, 223 (4th Cir. 2009) (declining to decide Guidelines challenge where other error required remand).

another.'" *See United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019) (quoting USSG § 4B1.2(a)(1)). The Supreme Court has instructed that the phrase "physical force," as used in § 4B1.2(a)'s force clause, "means *violent* force — that is, force capable of causing physical pain or injury to another person." *See Johnson v. United States*, 559 U.S. 133, 140 (2010).

In conducting the categorical analysis required by § 4B1.2(a), "[w]e rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony'" under the ACCA. *See United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (quoting *United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012)).[3] Like § 4B1.2(a)'s "crime of violence" definition, the ACCA's "violent felony" definition also contains a force clause. *See* 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as an offense punishable by more than a year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). We have recognized that, if an offense does not qualify as a "violent felony" under the

---

[3] The ACCA defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*See* 18 U.S.C. § 924(e)(2)(B).

ACCA's force clause, it is not a "crime of violence" under § 4B1.2(a)'s force clause. *See United States v. Gattis*, 877 F.3d 150, 155 (4th Cir. 2017).

B.

With the applicable legal principles so understood, we are satisfied that our recent published decision in the *Jones* case requires us to vacate the challenged judgment and remand. *See United States v. Jones*, 914 F.3d 893 (4th Cir. Feb. 4, 2019). In *Jones*, we assessed whether the ABWO offense was a "violent felony" under the ACCA's force clause. *Id.* at 902-04. We therein explained that the ABWO offense can be committed by three distinct physical actions against a law enforcement officer, that is, by assaulting, by beating, or by wounding the law officer. *Id.* at 901.[4] Focusing on the assault aspect of the ABWO offense, we recognized that "an assault under South Carolina law can be committed without the use, attempted use, or threatened use of violent physical force." *Id.* at 903-04. As *Jones* related, "a person can perpetrate an assault [in South Carolina] by attempting to touch another in a rude or angry manner." *Id.* at 903. Moreover, we

---

[4] The South Carolina statute criminalizing the ABWO offense provides, in pertinent part, that it is a felony offense punishable by up to ten years in prison for any person

> to knowingly and wilfully assault, beat, or wound a law enforcement officer engaged in serving, executing, or attempting to serve or execute a legal writ or process or to assault, beat, or wound an officer when the person is resisting an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not.

*See* S.C. Code Ann. § 16-9-320(B).

7

emphasized that South Carolina has actually applied the ABWO offense to conduct that did not involve violent physical force (i.e., when an arrestee spit blood on a police officer). *Id.* As a result of South Carolina's application of the ABWO offense to "conduct that does not involve the use, attempted use, or threatened use of violent physical force against another," the *Jones* decision ruled that the ABWO offense is not categorically a "violent felony" under the force clause of the ACCA. *Id.*

Although *Jones* was decided under the ACCA's force clause, it informs our analysis of the force clause in Guidelines § 4B1.2(a). *See Gattis*, 877 F.3d at 155; *Montes-Flores*, 736 F.3d at 363. Based on the reasoning of *Jones*, we are satisfied that Keitt's prior South Carolina conviction for the ABWO offense fails to qualify as a "crime of violence" under § 4B1.2(a)'s force clause.[5] Consequently, the sentencing court erred in applying Guidelines § 2K2.1(a)(2), in that Keitt does not have the two requisite prior felony convictions for "crime[s] of violence." Because that error resulted in an incorrect determination of Keitt's base offense level, he is entitled to be resentenced.

IV.

Pursuant to the foregoing, we vacate the judgment and remand for such other and further proceedings as may be appropriate.

*VACATED AND REMANDED*

_____

[5] The government did not argue in the district court — and does not contend on appeal — that the ABWO offense is a "crime of violence" under the enumerated crimes clause of § 4B1.2(a).