**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4115**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MICHAEL ANTHONY MCINTOSH, a/k/a Lo, a/k/a Polo,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:15-cr-00044-GMG-RWT-1)

Submitted:  November 18, 2020                     Decided:  December 18, 2020

Before KEENAN, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Kristen M. Leddy, Assistant Federal Public Defenders, FEDERAL PUBLIC DEFENDER'S OFFICE, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Lara Kay Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony McIntosh appeals his conviction and 120-month sentence imposed following his guilty plea to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, McIntosh's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in denying McIntosh's motion to dismiss the indictment, whether McIntosh's sentence was reasonable, and whether McIntosh received ineffective assistance of counsel. For the reasons that follow, we affirm.

Prior to his guilty plea, McIntosh moved to dismiss the indictment based on alleged violations of his due process and speedy trial rights. The district court denied the motion, and McIntosh subsequently entered an unconditional guilty plea. "It is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (brackets and internal quotation marks omitted). Because McIntosh knowingly and voluntarily pleaded guilty, his claim that the indictment should have been dismissed is foreclosed on appeal.

McIntosh also questions whether the district court erroneously sentenced him as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2016). Since McIntosh's sentencing, this Court has made clear that at least two of McIntosh's prior convictions—New York second-degree robbery and Maryland possession with intent to distribute a controlled substance—qualify as career offender predicates. *See United States*

2

*v. Johnson*, 945 F.3d 174, 183 (4th Cir. 2019) (holding that, under Guidelines, "Maryland possession with intent to distribute constitutes a controlled substance offense"), *cert. denied*, No. 19-1390, 2020 WL 5882326 (U.S. Oct. 5, 2020); *United States v. Hammond*, 912 F.3d 658, 660 (4th Cir.) (holding that, under Guidelines, "New York statutory robbery, irrespective of the degree of the offense, is a crime of violence"), *cert. denied*, 140 S. Ct. 80 (2019). Accordingly, we conclude that the court properly applied the career offender enhancement. And to the extent McIntosh seeks to raise a substantive reasonableness challenge, we discern nothing in the record that rebuts the presumption of reasonableness accorded to McIntosh's below-Guidelines sentence. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Finally, in pro se submissions, McIntosh contends that his trial counsel rendered ineffective assistance by misadvising him as to the sentence he was likely to receive. However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Because we discern no such evidence "on the face of this record, we conclude that [McIntosh's] claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny McIntosh's motion for new counsel. This court requires that counsel inform McIntosh, in writing, of the right to petition the Supreme Court of the United States for further review. If McIntosh requests that a petition be filed, but counsel believes that such a petition would

3

be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McIntosh.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*