People v Kourouma (2021 NY Slip Op 01011)





People v Kourouma


2021 NY Slip Op 01011


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Ind No. 0062/12 Appeal No. 13135 Case No. 2018-04052 

[*1]The People of the State of New York, Respondent,
v
Bakary Kourouma, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J., at suppression hearing; Neil E. Ross, J., at jury trial and sentencing), rendered April 2, 2018, convicting defendant of robbery in the third degree, grand larceny in the fourth degree (seven counts) and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years on the robbery conviction, 1½ to 3 years on each of the grand larceny convictions, and 1 year on the resisting arrest conviction, unanimously modified, on the facts and as a matter of discretion in the interest of justice, to the extent of reducing the robbery conviction to petit larceny and reducing the sentence on that conviction to time served, and otherwise affirmed.
Defendant's conduct in snatching the purse that was dangling from the victim's arm did not involve the physical force required to sustain a conviction of robbery (see People v Dobbs, 24 AD3d 1043 [3d Dept 2005]; People v Middleton, 212 AD2d 809, 810 [2d Dept 1995]; compare People v Santiago, 62 AD2d 572, 579 [2d Dept 1978], aff'd 48 NY2d 1023 [1980]). Accordingly, defendant's conviction of robbery in the third degree was not supported by legally sufficient evidence, and that verdict was against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]).
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. Given that defendant met a description that was sufficiently specific, the close spatial and temporal proximity of the police encounter to the reported robbery, as well as defendant's furtive behavior and flight, the police had, at least, reasonable suspicion to stop defendant. Under all the circumstances, defendant's relatively brief detention, in handcuffs, following his flight and struggle against being detained, did not elevate the level three stop to an arrest (see People v Foster, 85 NY2d 1012, 1014 [1995]; People v Allen, 73 NY2d 378, 379-80 [1989]). Furthermore, the record also supports the hearing court's alternative finding of probable cause to arrest.
In light of our disposition of this appeal, defendant's argument concerning the sentence imposed on the robbery conviction is academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021